UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MAIMUN KHAN,

Plaintiff,

-against- 6:25-CV-211 (LEK/ML)

MOHAWK VALLEY COMMUNITY COLLEGE,

Defendants.

**MEMORANDUM-DECISION AND ORDER**

## I. INTRODUCTION

On February 13, 2025, Plaintiff Maimun Khan commenced this action against Defendant Mohawk Valley Community College ("Mohawk"), alleging a violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"), and the New York State Human Rights Law ("NYSHRL"), New York Executive Law § 296(7). Dkt. No. 1 ("Complaint"). On April 30, 2025, Mohawk answered the Complaint, Dkt. No. 5, and later moved to dismiss only on Plaintiff's state-law claim for, *inter alia*, failing to meet New York State's notice of claim (NOC) requirement. Dkt. No. 11 ("Motion"). Plaintiff filed a response, Dkt. No. 15 ("Response"), and Defendant replied, Dkt. No. 16 ("Reply").

For the reasons that follow, Defendant's Motion is granted.

## II. BACKGROUND

The factual summary of this action is taken from the Complaint and the exhibit attached to it.

In 2000, Mohawk employed Plaintiff as a Counselor subject to an annual review. *See* Compl. ¶ 13. She continued in this capacity until 2006 where Mohawk awarded her a "career

appointment" for the role, which Plaintiff describes as "the equivalent of tenure for non-faculty employees." *Id.* ¶ 14. In March 2012, Plaintiff was deemed "ineligible for the position" after Defendant changed the requirements for her role, *id*. ¶ 15, and Plaintiff was appointed to a new role which required that she lose her "tenure," *id*. ¶¶ 16, 17. The position was ultimately eliminated in May 2015, *id*. ¶ 18, and Plaintiff was rehired as a "Completion Coach" until her employment ended in August 2018. *Id*. ¶¶ 19, 36.

In early 2018, Plaintiff discussed her goals for the upcoming academic year with her supervisor during Plaintiff's annual review. *Id*. ¶ 29. Plaintiff's plans were met with approval and was given no reason to believe Defendant would terminate her appointment for the upcoming school year either before, during, or after the meeting. *Id*. Plaintiff's review "included a substantial amount of praise for . . . her performance, and . . . contributions," and where improvements were needed, "they were primarily related to the anticipated challenges associated with her assignment to the General Studies major." *Id*. ¶ 30.

On April 11, 2018, Mohawk was informed that the EEOC would interview Plaintiff in relation to "gender discrimination complaints filed against Defendant" and her supervisor. *Id.* ¶¶ 32. Plaintiff, who herself "was subjected to discrimination and [a] hostile work environment on the basis of her gender" decided to provide testimony that supported those allegations. *Id.* ¶¶ 34, 35.

On or around May 10, 2018, Plaintiff was notified that Mohawk would not renew her role for the upcoming school year. *Id*. ¶ 36. She was also told not to return to work "effective immediately," but "would be considered employed and paid through . . . August 31, 2018." *Id*.

Plaintiff had, until that point, "received accolades, repeated promotions in level and pay increases, and appointments to various additional committees and duties due to her performance

and commitment to the [Mohawk] community." *Id.* ¶ 37. Defendant's "retaliation for participating in the EEOC investigation" resulted in Plaintiff losing time towards her retirement plan, which would have given her "significantly greater financial security when she was ready to retire." *Id*. ¶ 38.

Plaintiff brings two claims against Mohawk: 1) a retaliation claim under Title VII; and 2) a retaliation claim under the NYSHRL. *Id*. ¶¶ 39–59.

Plaintiff seeks, *inter alia*, 1) a declaratory judgment that Defendants violated her rights under Title VII and the NYSHRL; and 2) damages. *See* Compl. at 9.

## III. DISCUSSION

Given that Defendant has only moved to dismiss Plaintiff's NYSHRL claim, the Court will focus its analysis on New York State law at this stage of the proceedings. Mot. at 1–7. Defendant moves to dismiss Plaintiff's NYSHRL claim on two bases: 1) Plaintiff failed to timely serve a NOC on Oneida County as required by County Law § 52; and 2) Plaintiff's state-law claim is barred by the NYSHRL's statute of limitations. *Id.*

Plaintiff alleges Mohawk retaliated against her in violation of the NYSHRL. Compl ¶¶ 48–59. Because the claim is brought under New York law, this Court must determine whether New York's NOC requirements apply as well as whether they have been met. *See Hardy v. New York City Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999) (explaining "the general rule that in a federal court, state [NOC] statutes apply to state-law claims") (citing *Felder v. Casey*, 487 U.S. 131, 151 (1988)). Moreover, New York counties that act as local sponsors to community colleges are required to indemnify the College's trustees, officers, and employees. N.Y. Educ. Law §§ 6301, 6302, 6308.

Here, "Oneida County is the local sponsor of [Mohawk]." *Carpenter v. Mohawk Valley Cmty. Coll.*, No. 18-CV-1268, 2022 WL 4482738, at *1 (N.D.N.Y. Sept. 27, 2022) (internal quotation marks removed). Thus, "[w]here a claim is against an employee that a county is obligated to indemnify, or against a community college of which the county is a local sponsor, County Law § 52 governs the presentation of the claims." *Carpenter,* 2023 WL 5289439, at *5 (collecting cases).

Section 52 of the New York County Law provides, in pertinent part:

> Any claim or notice of claim against a county for damage, injury or death, or for invasion of personal or property rights, of every name and nature . . . and any other claim for damages arising at law or in equity, alleged to have been caused or sustained in whole or in part or because of any misfeasance, omission of duty, negligence or wrongful act on the part of the county, its officers, agents, servants or employees, must be made and served in accordance with section fifty-e of the general municipal law.

N.Y. County Law § 52. Section 50-e of the General Municipal Law further provides that "[i]n any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action . . . the notice of claim shall . . . be served . . . within ninety days after the claim arises." N.Y. General Municipal Law § 50-e(1)(a). Together, these statutes require that any claim for damage, injury, or death against a county must be the subject of a notice served upon the county within ninety days after the claim develops. *See Carpenter v. Mohawk Valley Cmty. Coll.*, No. 18-CV-1268, 2023 WL 5289439, at *5 (N.D.N.Y. Aug. 17, 2023); *Henneberger v. Cnty. of Nassau*, 465 F. Supp. 2d 176, 198, 198 n.11 (E.D.N.Y. 2006) (collecting cases).

"It is well settled that compliance with the [NOC] requirement is a condition precedent to commencement of an action against [a] municipality and the burden is on the plaintiff to plead and prove compliance with the [NOC] requirement." *Friel v. Cty. of Nassau*, 947 F. Supp. 2d 239, 247 (E.D.N.Y. 2013); *P.J. Panzeca, Inc. v. Bd. of Educ., Union Free Sch. Dist. No. 6,* 323

N.Y.S.2d 978, 272 N.E.2d 488 (1971). "This requirement is mandatory in [f]ederal [c]ourt and failure to comply results in dismissal of claims." *Eberle v. Town of Southampton*, 985 F. Supp. 2d 344, 348 (E.D.N.Y. 2013).

Plaintiff does not appear to have served a NOC on Oneida County. *See generally* Compl. In fact, the Complaint alleges that "[n]o conditions precedent are required before filing claims under the New York State." *Id.* ¶ 9. But that is clearly incorrect. *See Carpenter,* 2023 WL 5289439, at *5 (collecting cases); *Friel*, 947 F. Supp. 2d at 247; *Cody v. Cnty. of Nassau*, 577 F. Supp. 2d 623, 646 (E.D.N.Y. 2008), *aff'd*, 345 F. App'x 717 (2d Cir. 2009). And as Defendant correctly notes, Plaintiff's Response seems to acknowledge the NOC deficiency. *Compare* Reply at 1–2 *with* Resp. 5–9. Instead, absent supporting case law, Plaintiff avers that "Defendant's motion predicated on a purported absence of notice of claim is premature." Resp. at 8. The Court thinks otherwise. The NOC is a jurisdictional requirement and without pleadings that show it has been filed in the instant action, the Court must dismiss Plaintiff's NYSHRL claim. *See Washington v. Borough of Manhattan Cmty. Coll.*, No. 16-CV-6168, 2016 WL 7410717, at *2 (S.D.N.Y. Dec. 21, 2016).[1]

Accordingly, Mohawk's Motion is granted and Plaintiff's NYSHRL claim is dismissed. In doing so, the Court does not reach the parties' arguments regarding the statute of limitations and expresses no opinion on the merits of Plaintiff's NYSHRL retaliation claim, nor its likelihood of success should the Oneida County Supreme Court decide to accept Plaintiff's late NOC.

---

[1] The Court observes that Plaintiff has filed a late NOC request in Oneida County Supreme Court. Resp. at 7. After dismissal, Plaintiff is free to move to amend her pleadings assuming "[the NOC] request has been granted and such a notice has been filed." *Washington*, 2016 WL 7410717, at *2.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendant's partial-motion to dismiss, Dkt. No. 11, is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's NYSHRL claim against Mohawk Valley Community College is **DISMISSED without prejudice**; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: January 27, 2026
Albany, New York

LAWRENCE E. KAHN
United States District Judge